MATTHEW J. BLASCHKE (SBN 281938)
*mblaschke@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300

Attorney for Defendant,
CAPITAL ONE, N.A.

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| VENTON SMITH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE BANK, N.A. et al.,<br><br>　　　　　　Defendants. | Case No. 3:23-CV-02804-CRB<br><br>Hon. Charles R. Breyer<br><br>**CAPITAL ONE AND AMAZON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　September 8, 2023<br>Time:　10:00 a.m.<br>Ctrm:　6 |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on September 8, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102, in Courtroom 6 before the Honorable Charles R. Breyer, Defendants Capital One, N.A. ("Capital One"), improperly named in the Complaint as Capital One Bank, N.A., and Amazon.com, Inc. and Amazon Web Services (together, "Amazon"), by and through their counsel, will move for an order seeking to dismiss Plaintiff's complaint, or in the alternative, transfer the case to the Eastern District of Virginia.

This Motion is made on the grounds set forth in the accompanying memorandum of law.

This Motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities, the Declaration of S. Stewart Haskins, and all pleadings and documents in the Court's file, any other matters of which this Court may take judicial notice, and on such written or oral argument as Defendants may present to the Court.

Dated: July 7, 2023

Respectfully submitted,

By: /s/ Matthew Blaschke
Matthew J. Blaschke
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300
mblaschke@kslaw.com

*Attorney for Capital One, N.A.*

By: /s/ Tyler Newby
Tyler G. Newby
Rina Plotkin
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

tnewby@fenwick.com
rplotkin@fenwick.com

Janie Y. Miller
FENWICK & WEST LLP
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
jmiller@fenwick.com
Telephone: (310) 434-5400

*Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF CASE

Plaintiff Venton Smith is a member of the settlement class that the Eastern District of Virginia certified in connection with its approval of a class-wide settlement in *In re: Capital One Consumer Data Security Breach Litigation*, 1:19-md-2915 (AJT/JFA) (E.D. Va.) (the "MDL"). Plaintiff did not opt out of the settlement, and his claims against Capital One and Amazon in this action, which are fully encompassed by the settlement, are thus barred and should be dismissed. In the alternative, if the Court declines to dismiss Capital One and Amazon from this action, it should transfer the case to the Eastern District of Virginia—which retains jurisdiction to enforce the terms of the settlement agreement.

## BACKGROUND

### A.  The MDL and Class Settlement

In 2019 Capital One suffered a cybersecurity incident impacting, among other things, personal information pertaining to certain of Capital One's customers and credit card applicants (the "Data Breach"). As was shown in the civil and criminal proceedings that followed, the Data Breach was perpetrated by one individual, Paige Thompson, who stole Capital One data in March 2019. *See, e.g.*, Ex. A to the Declaration of Stewart Haskins, MDL Dkt. No. 1386 at 1–2 (Motion Suggesting Lack of Jurisdiction) (explaining Thompson's role in the Cyber Incident). On July 29, 2019, Thompson was arrested, her computer devices were seized, and all of Capital One's stolen data was recovered. *Id.* There is no evidence that Thompson misused the stolen data when it was in her possession or that she ever disseminated the data to anyone else. *Id.* Indeed, the uncontroverted evidence in Thompson's subsequent criminal trial—acknowledged and emphasized by Thompson's own lawyers—was that the Capital One data Thompson stole was never misused or shared beyond Thompson's personal computer. *See, e.g.*, Ex. B to the Declaration of Stewart Haskins, *United States v. Thompson*, No. 2:19-cr-00159 (W.D. Wash. June 24, 2022), ECF No. 343 at 24:13–25:9 (Cross Examination of FBI Agent Waymon Ho) (testifying there was "*no evidence*" that Thompson "transferred any of the data . . . to any third party," "shared [the data] with one of [Capital One's] competitors," "used [the data] in any way to launch her own

competing business," "sold [the data]," "[b]lackmailed anybody with [the data]," or "made any profits from [the data]" (emphasis added)).

Notwithstanding the lack of dissemination or misuse, following Capital One's announcement of the Data Breach, dozens of putative class-action and single-plaintiff suits were filed against Capital One and Amazon in courts across the country—all generally alleging that consumers were harmed by Capital One and Amazon's alleged actions and/or omissions in connection with the Data Breach. Nearly all of those cases were filed in (or removed to) federal court and were coordinated and consolidated into the MDL in the U.S. District Court for the Eastern District of Virginia.

On January 31, 2022, after over two years of active litigation, Capital One and certain MDL plaintiffs (those who had filed the Representative Consumer Class Action Complaint) entered into a class-wide settlement of claims arising out of the Data Breach. Amazon was identified as an intended third-party beneficiary to the settlement agreement. Specifically, pursuant to the Settlement Agreement and Release (the "Settlement Agreement"), the "Settlement Class Members" released their Data Breach claims against Capital One and Amazon, as follows:

> As of the Effective Date, all Settlement Class Members and all Settlement Class Representatives, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and Successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, and unconditionally release and discharge any and all Released Claims against the Released Parties (including Amazon, which is an intended third-party beneficiary of the release in this Section), and any of their current, former, and future Affiliates, Parents, Subsidiaries, representatives, officers, agents, directors, employees, contractors, vendors, insurers, Successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.

Ex. C to the Declaration of Stewart Haskins MDL Dkt. 2219-1, § 14.1. The Agreement defines "Released Claims" as follows.

> "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damage for contempt, injunctive or declaratory relief, rescission, general,

compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Actions, or any theories of recovery that were, or could have been, raised at any point in the Actions.

*Id.* § 2.34. The Settlement Class Members are defined as "[t]he approximately 98 million U.S. residents identified by Capital One whose information was compromised in the Data Breach that Capital One announced on July 29, 2019, as reflected in the Class List." *Id.* §§ 2.39, 2.40. And the "Released Parties" include Capital One and Amazon. *Id.* §§ 2.35.

On February 7, 2022, the MDL court entered its Preliminary Approval Order of the Settlement Agreement, which provided instructions on how to validly opt out of the settlement class and explained the consequences of not doing so:

> Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion must submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class and be personally signed by that person. To be effective, the written notice must be postmarked no later than Thursday, July 7, 2022. All those persons submitting valid and timely notices of exclusion shall not be entitled to receive any benefits of the Settlement.
>
> Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and Judgment.

Ex. D to the Declaration of Stewart Haskins, MDL Dkt. 2220 ¶ 13.

On September 13, 2022, the MDL court entered its Order and Judgment Granting Final Approval of the Settlement Agreement providing, among other things, that the "Settlement Class Members, except those who timely and validly excluded themselves, are bound by the releases set forth in the Settlement Agreement." Ex. E to the Declaration of Stewart Haskins, MDL Dkt. 2263,

at 23-24. The Order also included an Exhibit A listing the "putative class members who timely and validly excluded themselves from the Settlement Class." *Id.* at 24; *see also* Ex. F to the Declaration of Stewart Haskins, MDL Dkt. 2263-1 (Exhibit A exclusion report).  And the MDL court "retain[ed] jurisdiction over . . . the Parties, attorneys and Settlement Class Members for all matters relating to [the MDL proceedings], including (without limitation) the administration, interpretation, scope, effectuation or enforcement of the Settlement Agreement and this Order." Ex. E to the Declaration of Stewart Haskins, MDL Dkt. 2263 at 24.

As of December 13, 2022, all appeal deadlines related to the Agreement and its approval have expired, no appeals were taken, and the Settlement Agreement is thus fully effective.

### B. Plaintiff's Claims in This Action

Plaintiff Venton Smith filed this action in this Court on June 7, 2023. *See* Compl., Dkt. 1. His Complaint asserts claims against Capital One and Amazon—all of which are based on or arise out of the Data Breach. Compl. ¶¶ 111, 128, 138, 146, 155, 159, 172, 192, 227.

Based on the allegations in his Complaint regarding the Data Breach Claim, Plaintiff is a Settlement Class Member *See* Compl. ¶¶ 19-49 (describing and asserting claims based on the Data Breach). Plaintiff, however, did not opt out of, or otherwise seek to exclude himself from, the Settlement Agreement. *See* Declaration of Stewart Haskins, Ex. F., MDL Dkt. 2263-1 (Exhibit A exclusion report; Plaintiff not listed). Plaintiff's claims against Capital One and Amazon are thus barred.  The Court should thus dismiss those claims, with prejudice (or, alternatively, transfer the claims to the Eastern District Virginia to determine any dispute over applicability of the Settlement Agreement).

## **ARGUMENT**

### I. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM AS BARRED BY THE SETTLEMENT AGREEMENT.

Under the Settlement Agreement and the judgment entered by the MDL court, all claims against Capital One and Amazon by Settlement Class Members (except for those who timely and validly excluded themselves) arising out of the Data Breach are now barred. *See, e.g.*, *Silber v.*

*Mabon*, 18 F.3d 1449, 1451 (9th Cir. 1994) (enforcing settlement agreement against a plaintiff who failed to opt out); *In re MI Windows & Doors. Inc. Products Liab. Litig.*, 860 F.3d 218, 223 (4th Cir. 2017) ("[A] judgment entered in a class action is binding on each class member unless . . . the class member elects to timely opt out."); *see also Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1305 (S.D. Cal. 2017) (plaintiff who failed to opt out is bound by the settlement agreement), *aff'd*, 881 F.3d 1111 (9th Cir. 2018). Because Plaintiff is a Settlement Class Member who did not exclude himself, Plaintiff's Data Breach claims (the only claims against Capital One and Amazon before this Court) are barred as well, and the claims should be dismissed. *See Silber*, 18 F.3d at 1451; *Montgomery v. Capital One Bank (U.S.A.), N.A.*, No. 1:22-cv-1462 (AJT/JFA), Dkt. 17 (dismissing a Data Breach claim against Capital One filed by an individual who did not opt out of the Settlement Agreement) (attached as Exhibit G to the Declaration of Stewart Haskins).[1]

## II. IF THE COURT DECLINES TO DISMISS THE CASE, IT SHOULD TRANSFER IT TO THE EASTERN DISTRICT OF VIRGINIA.

To the extent the Court concludes that any question as to the applicability or meaning of the Settlement Agreement precludes dismissal at this stage, the Court should transfer the action (or the claims against Capital One and Amazon) to the Eastern District of Virginia to resolve the question.

A district court may transfer venue of any civil case to another district court where the action could have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Moreover, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

---

[1] There is no question that dismissal under Rule 12(b)(6) is appropriate because all documents on which this motion is based, including the Settlement Agreement and the Court's orders in the MDL, are subject to judicial notice. *See United States v. Author Servs. Inc.*, 804 F.2d 1520, 1523 (9th Cir.1986), amended by, 811 F.2d 1264 (9th Cir. 1987) (courts can take judicial notice of court records); *see also, e.g.*, *Amalfitano v. Google Inc.*, No. 14-CV-00673-BLF, 2015 WL 456646, at *3 (N.D. Cal. Feb. 2, 2015) (granting Rule 12(b)(6) motion to dismiss claim barred by class action settlement), *aff'd*, 679 F. App'x 632 (9th Cir. 2017); *Raja v. Segan*, No. 1:13-CV-418, 2013 WL 12158106, at *1 (E.D. Va. June 17, 2013) (same), *aff'd*, 546 F. App'x 252 (4th Cir. 2013).

been brought." Courts within the Ninth Circuit routinely hold that members of a settlement class are bound to the forum selected in the settlement agreement pursuant to 28 U.S.C. § 1406(a). *See Zone Sports Ctr., Inc. LLC v. Red Head, Inc.*, No. 110-cv-01833, 2011 WL 13152741, at *2 (E.D. Cal. Feb. 7, 2011) (transferring a collateral attack on a settlement pursuant to the settlement agreement's selected forum); *Zacklift Int'l, Inc. v. Koomia*, No. CV-08-3025-FVS, 2008 WL 4546967, at *1 (E.D. Wash. Oct. 6, 2008) (same); *Wescott v. Crowe*, No. CV-20-01383-PHX-SPL, 2020 WL 5535760, at *2 (D. Ariz. Sept. 15, 2020) (same). For example, in *Zone Sports*, the Eastern District of California addressed a nearly identical situation and transferred to the court identified in the settlement agreement pursuant to 28 U.S.C. § 1406(a). *See Zone Sports*, 2011 WL 13152741, at *2.

In its Order and Judgment Granting Final Approval of the Settlement Agreement, the MDL court retained jurisdiction to resolve "all matters" relating to the MDL litigation, including "the administration, interpretation, scope, effectuation or enforcement of the Settlement Agreement." Ex. E to the Declaration of Stewart Haskins, Final Approval Order, ECF No. 2263 § 12 ("Continuing Jurisdiction"). Thus, to the extent the Court declines to dismiss the Complaint, it should transfer the case to the Eastern District of Virginia to allow the MDL court to exercise its retained jurisdiction.

## CONCLUSION

For the foregoing reasons, Capital One and Amazon should be dismissed with prejudice. In the alternative, the case should be transferred to the Eastern District of Virginia.

Dated: July 7, 2023

Respectfully submitted,

By: */s/ Matthew Blaschke*
Matthew J. Blaschke
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300
mblaschke@kslaw.com

*Attorney for Capital One, N.A.*

|   |   |
|---|---|
| 1 |  By: */s/ Tyler Newby* |
| 2 | Tyler G. Newby |
|   | Rina Plotkin |
| 3 | FENWICK & WEST LLP |
|   | 555 California Street, 12th Floor |
| 4 | San Francisco, CA 94104 |
|   | Telephone: (415) 875-2300 |
| 5 | Facsimile: (415) 281-1350 |
|   | tnewby@fenwick.com |
| 6 | rplotkin@fenwick.com |

Janie Y. Miller
FENWICK & WEST LLP
228 Santa Monica Boulevard
Suite 300
Santa Monica, CA 90401
jmiller@fenwick.com
Telephone: (310) 434-5400

*Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.*

# CERTIFICATE OF SERVICE

I, Tran Le, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years old and not a party to the within-entitled action. My business address is 50 California Street, Suite 3300, San Francisco, CA 94111.

On July 7, 2023, the following documents were served in the manner described below:

- **CAPITAL ONE AND AMAZON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

☑ BY ELECTRONIC SERVICE: Via the court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Alexandra Conboy, *Attorneys for Citibank, N.A.*
BALLARD SPAHR LLP
Email: conboya@ballardspahr.com

Tyler G. Newby, *Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.*
Rina Plotkin
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300; Facsimile: (415) 281-1350
Email: tnewby@fenwick.com; Email: rplotkin@fenwick.com

On July 7, 2023, the documents were served in the manner described below to the party that is not a registered CM/ECF user in the case:

☑ BY MAIL: by placing a true copy of each document listed above in a sealed envelope addressed to the parties listed below and placing it for collection in my office for deposit in the United States Postal Service. I am readily familiar with the regular business practices of my office and attest that envelopes so placed for collection are deposited on the same business day with the United States Postal Service.

Venton Smith, *Pro Se Plaintiff*
4304 18th Street, Unit 14036
San Francisco, California 94114

1 | Executed on July 7, 2023 at San Francisco, California.

_____
Tran Le