MATTHEW J. BLASCHKE (State Bar No. 281938)
*mblaschke@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300

*Attorney for Defendant,*
*CAPITAL ONE, N.A.*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VENTON SMITH,<br><br>              Plaintiff,<br><br>       v.<br><br>CAPITAL ONE BANK, N.A., et al.,<br><br>              Defendants. | Case No. 3:23-CV-02804-CRB<br><br>Hon. Charles R. Breyer<br><br>**CAPITAL ONE AND AMAZON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:   September 8, 2023<br>Time:   10:00 a.m.<br>Ctrm:   6 |

**REPLY MEMORANDUM OF LAW**

Capital One, N.A. ("Capital One"), successor-by-merger to Defendant Capital One Bank (USA), N.A., and Amazon.com, Inc. and Amazon Web Services (together, "Amazon"), by counsel, submit this reply memorandum of law in support of their motion to dismiss.

In his "objection" to Capital One's and Amazon's motion to dismiss (Dkt. 57, "Opp."), Plaintiff does not dispute any of the following facts: (1) The MDL Court approved a class-action settlement (the "Settlement Agreement") and entered judgment (it did, *see* Ex. E to the Declaration of Stewart Haskins, MDL Dkt. 2263); (2) Plaintiff, as alleged in his Complaint, is a member of the settlement class who did not opt out (he is, *see* Ex. F to the Declaration of Stewart Haskins, MDL Dkt. 2263-1); (3) the Settlement Agreement releases claims against Capital One and Amazon arising out of the Data Breach (it does, *see* Ex. C to the Declaration of Stewart Haskins, MDL Dkt. 2219-1, §§ 2.34, 14); and (4) Plaintiff's claims in this action against Capital One and Amazon all arise out of the Data Breach (they do, *see* Compl. ¶¶ 111, 128, 138, 146, 155, 159, 172, 192, 227). Nor does Plaintiff dispute that these facts are subject to judicial notice. *See* Dkt. 18 at 8 n.1. That is the end of the matter; no further inquiry is necessary. Capital One's and Amazon's motion to dismiss should be granted. *See Silber v. Mabon*, 18 F.3d 1449, 1451 (9th Cir. 1994) (enforcing settlement agreement against a plaintiff who failed to opt out); *see also Montgomery v. Capital One Bank (U.S.A.), N.A.*, No. 1:22-cv-1462 (AJT/JFA), Dkt. 17 (dismissing a Data Breach claim against Capital One filed by an individual who did not opt out of the Settlement Agreement) (attached as Exhibit G to the Declaration of Stewart Haskins).

Instead of engaging with these dispositive facts, Plaintiff argues that he did not receive actual notice of the Settlement Agreement and therefore had no chance to opt out of it. There is reason to doubt Plaintiff's representation.[1] But even if true, it is irrelevant because "neither Rule 23 nor the Due Process Clause requires actual notice to each individual class member." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017). Rather, the notice provided need only

---

[1] The proof in this case will show that on May 5, 2022, notice of the Settlement Agreement was sent to Plaintiff via email at ventonsmith@gmail.com—the same email address used by Plaintiff in various exhibits (Exs. A through F) attached to his Complaint. *See* Dkt. 1 at 44-51.

be "reasonably certain to inform the absent members of the plaintiff class." *Silber*, 18 F.3d at 1454 (citation omitted); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). The MDL Court found that the notice plan satisfied Rule 23 and due process, *see* Ex. D to the Declaration of Stewart Haskins, MDL Dkt. 2220 ¶ 9, and Plaintiff has provided no basis for this Court to disturb those findings. That Plaintiff (as he represents) did not receive actual notice and thus (as he represents) was "fortuitously unable to exercise his right to opt out in a timely fashion … does not mean that the best practicable notice under the circumstances was not given to absent class members." *See Silber*, 18 F.3d at 1454. And while Plaintiff contends that "the MDL Court settlement agreement does not bar future litigation from Capital One's identity theft/fraud 'victims' discovering their injury and damages after the fact," Opp. at 9, that is, in fact, exactly what the Settlement Agreement does for anyone who, like Plaintiff, is bound by its terms, including the release of such claims. *See* Ex. C to the Declaration of Stewart Haskins, MDL Dkt. 2219-1, §§ 2.34, 14 (defining "Released Claim" to include "any and all claims … in law or in equity, for any relief whatsoever … that in any way concern, arise out of, or relate to the Data Breach").

Finally, if this case is not dismissed in accordance with the Settlement Agreement, it should be transferred to the MDL Court, which retained jurisdiction over "all matters" relating to the MDL litigation, including "the administration, interpretation, scope, effectuation or enforcement of the Settlement Agreement." Ex. E to the Declaration of Stewart Haskins, Final Approval Order, MDL Dkt. 2263, § 12. Plaintiff does not dispute the meaning of this provision but argues that it does not apply here because "Plaintiff has [sic] is not a class member of the class action," and "did not discover injury and damages until November of 2022." Opp. at 10. Not only is that untrue—as noted above, Plaintiff received adequate notice of the settlement, he did not opt out, and is thus bound by its terms—it is irrelevant. The entire argument is a challenge to "the administration, interpretation, scope, effectuation [and] enforcement of the Settlement Agreement" that could be entertained, if at all, only by the MDL Court. *See, e.g.*, *Zone Sports Ctr., Inc. LLC v. Red Head, Inc.*, No. 110-cv-01833, 2011 WL 13152741, at *2 (E.D. Cal. Feb. 7, 2011) (transferring a

1 collateral attack on a settlement pursuant to the settlement agreement's selected forum); *Zacklift Int'l, Inc. v. Koomia,* No. CV-08-3025-FVS, 2008 WL 4546967, at *1 (E.D. Wash. Oct. 6, 2008) (same); *Wescott v. Crowe*, No. CV-20-01383-PHX-SPL, 2020 WL 5535760, at *2 (D. Ariz. Sept. 15, 2020) (same).

For the foregoing reasons, Capital One and Amazon should be dismissed with prejudice. In the alternative, the case should be transferred to the Eastern District of Virginia.

Dated: August 10, 2023

Respectfully submitted,

By: */s/ Matthew J. Blaschke*
Matthew J. Blaschke
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300
mblaschke@kslaw.com

*Attorney for Capital One, N.A.*

By: */s/ Tyler Newby*
Tyler G. Newby
Rina Plotkin
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
tnewby@fenwick.com
rplotkin@fenwick.com

Janie Y. Miller
FENWICK & WEST LLP
228 Santa Monica Boulevard
Suite 300
Santa Monica, CA 90401
jmiller@fenwick.com
Telephone: (310) 434-5400

*Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.*

# CERTIFICATE OF SERVICE

I, Tran Le, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years old and not a party to the within-entitled action. My business address is 50 California Street, Suite 3300, San Francisco, CA 94111.

On August 10, 2023, the following documents were served in the manner described below:

- **CAPITAL ONE AND AMAZON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☑ BY ELECTRONIC SERVICE: Via the court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| Alexandra Conboy<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles , CA 90067-2915<br>Telephone: (424) 204-4400<br>Facsimile: (424) 204-4350<br>Email: conboya@ballardspahr.com<br><br>*Attorneys for Citibank, N.A.* | Tyler G. Newby<br>Rina Plotkin<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-2300<br>Facsimile: (415) 281-1350<br>Email: tnewby@fenwick.com<br>Email: rplotkin@fenwick.com<br><br>*Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.* |
|---|---|

On August 10, 2023, the documents were served in the manner described below to the party that is not a registered CM/ECF user in the case:

☑ BY MAIL: by placing a true copy of each document listed above in a sealed envelope addressed to the parties listed below and placing it for collection in my office for deposit in the United States Postal Service. I am readily familiar with the regular business practices of my office and attest that envelopes so placed for collection are deposited on the same business day with the United States Postal Service.

| Venton Smith, Pro Se Plaintiff<br>4304 18th Street, Unit 14036<br>San Francisco, California 94114 | |
|---|---|

Executed on August 10, 2023 at San Francisco, California.



Tran Le