MATTHEW J. BLASCHKE (SBN 281938)
*mblaschke@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300

Attorney for Defendant,
CAPITAL ONE, N.A.

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| VENTON SMITH,<br><br>          Plaintiff,<br><br>     v.<br><br>CAPITAL ONE BANK, N.A. et al.,<br><br>          Defendants. | Case No. 3:23-CV-02804<br><br>Hon. Araceli Martínez-Olguín<br><br>**CAPITAL ONE AND AMAZON'S MOTION TO DISMISS AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 29, 2024<br>Time: 2:00 p.m.<br>Courtroom: 10 – 19th Floor |

# NOTICE OF HEARING

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on the 29th day of February, 2024, at the hour of 2:00 p.m. or as soon thereafter as counsel may be heard in Courtroom 10 of the United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Capital One Bank, N.A. ("Capital One"), improperly named in the Complaint as Capital One Bank, N.A., and Amazon.com, Inc. and Amazon Web Services (together, "Amazon"), will move for an order seeking to dismiss Plaintiff's complaint, or in the alternative, transfer the case to the Eastern District of Virginia. Said motion will be made on the grounds set forth in the accompanying memorandum of law.

Dated: January 19, 2024                                   Respectfully submitted,

**KING & SPALDING LLP**

By: */s/ Matthew Blaschke*
      Matthew J. Blaschke

*Attorneys for Capital One, N.A.*

**FENWICK & WEST LLP**

By: */s/ Tyler Newby*
Tyler G. Newby
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
tnewby@fenwick.com

Janie Y. Miller
FENWICK & WEST LLP
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: (310) 434-5400
jmiller@fenwick.com

*Counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

# STATEMENT OF CASE

Plaintiff Venton Smith's claims are not actionable and certainly do not belong in this Court. Plaintiff is a member of the settlement class that the Eastern District of Virginia certified in connection with its approval of a class-wide settlement in *In re: Capital One Consumer Data Security Breach Litigation*, 1:19-md-2915 (AJT/JFA) (E.D. Va.) (the "MDL" or "Capital One Consumer Data Security Breach Litigation"). Plaintiff did not opt out of the settlement, and his claims against Capital One and Amazon in this action, which are fully encompassed by the settlement, are thus barred and should be dismissed. In the alternative, if the Court declines to dismiss Capital One and Amazon from this action, it should transfer the case to the Eastern District of Virginia—which retains jurisdiction to enforce the terms of the settlement agreement.

# BACKGROUND

## A. The Data Breach

In March 2019, Capital One suffered a cybersecurity incident impacting, among other things, personal information pertaining to certain of Capital One's customers and credit card applicants (the "Data Breach"). As was shown in the civil and criminal proceedings that followed, the Data Breach was perpetrated by one individual: Paige Thompson. *See, e.g.*, Ex. A to the Declaration of Stewart Haskins[1], MDL Dkt. No. 1386 at 1–2 (Motion Suggesting Lack of Jurisdiction) (explaining Thompson's role in the Cyber Incident). On July 29, 2019, Thompson was arrested, her computer devices were seized, and all of Capital One's stolen data was recovered. *Id.* There is no evidence that Thompson misused the stolen data when it was in her possession or that she ever disseminated the data to anyone else. *Id.* Indeed, the uncontroverted evidence in Thompson's subsequent criminal trial—which Thompson's lawyers repeatedly emphasized—was that the Capital One data Thompson stole was never misused or shared beyond Thompson's personal computer. *See, e.g.*, Ex. B to the Declaration of Stewart Haskins, *United States v. Thompson*, No. 2:19-cr-00159 (W.D. Wash. June 24, 2022), ECF No. 343 at 24:13–25:9 (Cross

---

[1] The Declaration of Stewart Haskins is available at dkt. 18-1. The exhibits accompanying the Declaration of Stewart Haskins are available at dkt. 18-2.

Examination of FBI Agent Waymon Ho) (testifying there was "*no evidence*" that Thompson "transferred any of the data . . . to any third party," "shared [the data] with one of [Capital One's] competitors," "used [the data] in any way to launch her own competing business," "sold [the data]," "[b]lackmailed anybody with [the data]," or "made any profits from [the data]" (emphasis added)).

### B.   The MDL and Class Settlement

Notwithstanding the lack of dissemination or misuse, following Capital One's announcement of the Data Breach, dozens of putative class-action and single-plaintiff suits were filed against Capital One and Amazon in courts across the country. The suits generally alleged that Capital One and Amazon's purported actions and/or omissions in connection with the Data Breach harmed consumers. Nearly all of those cases were filed in (or removed to) federal court and were coordinated and consolidated into the MDL in the U.S. District Court for the Eastern District of Virginia (the "MDL Court").

On January 31, 2022, after over two years of active litigation, Capital One and the MDL plaintiffs who had filed the Representative Consumer Class Action Complaint entered into a class-wide settlement of claims arising out of the Data Breach. Amazon is an intended third-party beneficiary to the settlement agreement. Specifically, pursuant to the Settlement Agreement and Release, the "Settlement Class Members" released their Data Breach claims against Capital One and Amazon, as follows:

> As of the Effective Date, all Settlement Class Members and all Settlement Class Representatives, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and Successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, and unconditionally release and discharge any and all Released Claims against the Released Parties (including Amazon, which is an intended third-party beneficiary of the release in this Section), and any of their current, former, and future Affiliates, Parents, Subsidiaries, representatives, officers, agents, directors, employees, contractors, vendors, insurers, Successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.

Ex. C to the Declaration of Stewart Haskins MDL Dkt. 2219-1, § 14.1. The Agreement defines "Released Claims" as follows.

> "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Actions, or any theories of recovery that were, or could have been, raised at any point in the Actions.

*Id.* § 2.34. The Settlement Class Members are defined as "[t]he approximately 98 million U.S. residents identified by Capital One whose information was compromised in the Data Breach that Capital One announced on July 29, 2019, as reflected in the Class List." *Id*. §§ 2.39, 2.40. And the "Released Parties" include Capital One and Amazon. *Id.* §§ 2.35.

On February 7, 2022, the MDL Court entered its Preliminary Approval Order of the Settlement Agreement, which provided instructions on how to validly opt out of the settlement class and explained the consequences of not doing so:

> Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion must submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class and be personally signed by that person. To be effective, the written notice must be postmarked no later than Thursday, July 7, 2022. All those persons submitting valid and timely notices of exclusion shall not be entitled to receive any benefits of the Settlement.
>
> Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and Judgment.

Ex. D to the Declaration of Stewart Haskins, MDL Dkt. 2220 ¶ 13.

On September 13, 2022, the MDL Court entered its Order and Judgment Granting Final Approval of the Settlement Agreement providing, among other things, that the "Settlement Class Members, except those who timely and validly excluded themselves, are bound by the releases set forth in the Settlement Agreement." Ex. E to the Declaration of Stewart Haskins, MDL Dkt. 2263, at 23-24. The Order also included an Exhibit A listing the "putative class members who timely and validly excluded themselves from the Settlement Class." *Id.* at 24; *see also* Ex. F to the Declaration of Stewart Haskins, MDL Dkt. 2263-1 (Exhibit A exclusion report).  And the MDL Court "retain[ed] jurisdiction over . . . the Parties, attorneys and Settlement Class Members for all matters relating to [the MDL proceedings], including (without limitation) the administration, interpretation, scope, effectuation or enforcement of the Settlement Agreement and this Order." Ex. E to the Declaration of Stewart Haskins, MDL Dkt. 2263 at 24.

The MDL Court further found that the Settlement Class Members were provided notice of the Settlement Agreement through a "robust notice program." *Id*. at 6. It stated that "[i]n accordance with the Court's order, direct mail and email notice to Class Members was served." *Id*. "The notice informed Class Members of the terms of the Settlement . . . and . . . further informed Class Members of the deadline to submit an objection to the Settlement or to opt out from the Settlement." *Id*.

As of December 13, 2022, all appeal deadlines related to the Agreement and its approval have expired, no appeals were taken, and the Settlement Agreement is thus fully effective.

### C. Plaintiff's Claims in This Action

Plaintiff Venton Smith filed this action in this Court on June 7, 2023. *See* Compl., Dkt. 1. His Complaint asserts claims against Capital One and Amazon—all of which are based on or arise out of the Data Breach. Compl. ¶¶ 111, 128, 138, 146, 155, 159, 172, 192, 227. Accordingly, Plaintiff is a Settlement Class Member. *See* Compl. ¶¶ 19-49 (describing and asserting claims based on the Data Breach). Plaintiff, however, did not opt out of or otherwise seek to exclude himself from the Settlement Agreement. *See* Declaration of Stewart Haskins, Ex. F., MDL Dkt. 2263-1 (Exhibit A exclusion report; Plaintiff not listed). Plaintiff's claims against Capital One and Amazon are thus barred.  The Court should thus dismiss those claims, with prejudice (or,

alternatively, transfer the claims to the Eastern District of Virginia to resolve any dispute over applicability of the Settlement Agreement).

**ARGUMENT**

**I.  THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM AS BARRED BY THE SETTLEMENT AGREEMENT.**

A complaint must be dismissed under Rule 12(b)(6) if it fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating whether a claim meets that standard on a motion to dismiss, the Court considers, among other things, the complaint itself and "matters properly subject to judicial notice." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 884 (9th Cir.), *cert. denied*, 143 S. Ct. 425 (2022) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). "[M]atters properly subject to judicial notice" include court-approved settlement agreements, courts orders, and judgments. *See United States v. Author Servs. Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986), *amended by* 811 F.2d 1264 (9th Cir. 1987) (courts can take judicial notice of court records); *see also, e.g., Amalfitano v. Google Inc.*, No. 14-CV-00673-BLF, 2015 WL 456646, at *3 (N.D. Cal. Feb. 2, 2015) (granting Rule 12(b)(6) motion to dismiss claim barred by class action settlement), *aff'd*, 679 F. App'x 632 (9th Cir. 2017); *Raja v. Segan*, No. 1:13-CV-418, 2013 WL 12158106, at *1 (E.D. Va. June 17, 2013) (same), *aff'd*, 546 F. App'x 252 (4th Cir. 2013).

Because Plaintiff is a Settlement Class Member who did not exclude himself, Plaintiff's Data Breach claims (the only claims against Capital One and Amazon before this Court) are barred by the doctrine of res judicata.  Res judicata bars a party from raising claims that were already decided or could have been decided in prior litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).  Res judicata serves the important public policy of providing "an end to litigation" and ensures that "matters once tried shall be considered forever settled as between the parties." *Id.* at 401, 402 (internal quotation marks and citation omitted).

Res judicata bars later litigation if there is (1) "a final judgment on the merits," (2) "identity or privity between parties," and (3) "an identity of claims." *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002).  It is not necessary for the precluded claim to actually have been litigated;

1  rather, "for a claim to be barred by res judicata, a party need only show that the claim arose out of
2  a common nucleus of operative facts, and therefore should have been litigated at the time of the
3  earlier proceeding." *Epstein v. Visher*, No. C-95-4167 (DLJ), 1997 WL 231108, at *5 (N.D. Cal.
4  Mar. 24, 1997), *aff'd sub nom. In re Epstein*, 152 F.3d 924 (9th Cir. 1998); *see also Nyhe v.
5  Campbell*, No. C04-2049P, 2005 WL 1838626, at *2 (W.D. Wash. Aug. 1, 2005) (res judicata
6  applies if the claim "could have been raised" in the prior action) (internal quotation marks and
7  citation omitted).

8      As federal courts universally recognize, a final order approving a class settlement—like
9  the Order and Judgment Granting Final Approval of the Settlement Agreement in the MDL—
10  constitutes a final judgment on the merits that binds all class members to the terms of the settlement
11  agreement. *See Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("[U]nder
12  elementary principles of prior adjudication a judgment in a properly entertained class action is
13  binding on class members in any subsequent litigation."); *Rein v. Providian Fin. Corp.*, 270 F.3d
14  895, 903 (9th Cir. 2001) ("A judicially approved settlement agreement is considered a final
15  judgment on the merits."); *In re MI Windows & Doors. Inc. Products Liab. Litig.*, 860 F.3d 218,
16  223 (4th Cir. 2017) ("[A] judgment entered in a class action is binding on each class member
17  unless . . . the class member elects to timely opt out."); *see also Low v. Trump Univ., LLC*, 246 F.
18  Supp. 3d 1295, 1305 (S.D. Cal. 2017) (plaintiff who failed to opt out is bound by the settlement
19  agreement), *aff'd*, 881 F.3d 1111 (9th Cir. 2018); *Durney v. WaveCrest Labs., LLC*, 441 F. Supp.
20  2d 1055, 1059 (N.D. Cal. 2005) ("As courts in the Ninth Circuit have held, dismissal of an action
21  with prejudice pursuant to a settlement agreement constitutes a final judgment on merits and
22  precludes parties from reasserting the same claim in a subsequent action.") (internal quotation
23  marks and alteration omitted).

24      Here, as in all cases involving a class member who did not opt out, all three requirements
25  for res judicata are satisfied. There is no dispute that an order approving a class wide settlement is
26  a final judgment on the merits. *See Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 579 (9th Cir. 2022)
27  (holding that a court approved settlement constitutes a final judgment on the merits for res judicata
28  purposes). Moreover, there is an identity or privity between parties because Plaintiff is a member

8

CAPITAL ONE AND AMAZON'S MOTION                                       Case No. 3:23-CV-02804
TO DISMISS

of the settlement class. *See Marin v. Comenity Bank, LLC*, No. 16-CV-737, 2017 WL 3670030, at *4 (E.D.N.Y. July 11, 2017) ("[T]he litigants are the same parties: the defendant ... is the defendant named in the [previous] class action lawsuit, ... and the plaintiff, although not named, received notice of the settlement and did not opt out, thereby binding her as a member of the class.").

The third requirement is also satisfied because Plaintiff asserts here the same claims against Capital One and Amazon that were asserted before the MDL Court. To determine whether the same claims are asserted, the Ninth Circuit examines four factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id*. at 1202 (internal quotation marks and citation omitted).

The requirements are easily met here. First, the rights and interests established in the MDL would be destroyed if this case is permitted to proceed. Plaintiff did not opt out of the settlement agreement. As a result, his status as a member of the Capital One Consumer Data Security Breach Litigation class is resolved. Permitting Plaintiff to relitigate his claims here would eviscerate the judgment of the MDL Court. *See Treadaway v. Acad. of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1422 (9th Cir. 1986) ([I]ndependent actions for relief from the final order of another court "interferes with and usurps the power of the rendering court" and is only permitted in "rare situations[.]")

Moreover, Plaintiff's claims are based on the same evidence and facts as those presented in the MDL. *Compare* Compl. ¶¶ 19-49 (describing and asserting claims based on the Data Breach announced on July 29, 2019) *with* Ex. E, Order and Judgment Granting Final Approval of the Settlement Agreement, at 1-24 (approving class wide settlement of claims arising from the Data Breach announced on July 29, 2019). It is indisputable that Plaintiff's claims against Capital One and Amazon arise out of the identical "transactional nucleus of facts" that were vigorously litigated and ultimately resolved in the MDL.

1    Because Plaintiff did not opt out, he is a member of the MDL Settlement class. As a result, he is bound by the court approved Settlement Agreement. *See Skilstaf,*, 669 F.3d at 1018-25 (enforcing the terms of settlement agreement against plaintiff who did not opt out of the prior class action); *In re MI Windows & Doors. Inc. Products Liab. Litig.*, 860 F.3d at 223 ("[A] judgment entered in a class action is binding on each class member unless . . . the class member elects to timely opt out."); *see also Low*, 246 F. Supp. 3d at 1305 (plaintiff who failed to opt out is bound by the settlement agreement), *aff'd*, 881 F.3d 1111 (9th Cir. 2018); *Amalfitano*, 2015 WL 456646 at *3. Precedent dismissing a complaint brought by a settlement class member who failed to opt out even exists under this exact Settlement Agreement. *See Montgomery v. Capital One Bank (U.S.A.), N.A.*, No. 1:22-cv-1462 (AJT/JFA), Dkt. 17 (dismissing a Data Breach claim against Capital One filed by an individual who did not opt out of the Settlement Agreement) (attached as Exhibit G to the Declaration of Stewart Haskins). The principle of res judicata thus warrants dismissal.

## II.    IF THE COURT DECLINES TO DISMISS THE CASE, IT SHOULD TRANSFER IT TO THE EASTERN DISTRICT OF VIRGINIA.

While dismissal is the proper remedy, to the extent the Court concludes that any question as to the applicability or meaning of the Settlement Agreement precludes dismissal at this stage, the Court should transfer the action (or the claims against Capital One and Amazon) to the Eastern District of Virginia to resolve the question. In its Order and Judgment Granting Final Approval of the Settlement Agreement, the MDL Court retained jurisdiction to resolve "all matters" relating to the MDL litigation, including "the administration, interpretation, scope, effectuation or enforcement of the Settlement Agreement." Ex. E to the Declaration of Stewart Haskins, Final Approval Order, ECF No. 2263 § 12 ("Continuing Jurisdiction").

Courts within the Ninth Circuit routinely hold that members of a settlement class are bound to the forum identified in the settlement agreement. *See Zone Sports Ctr., Inc. LLC v. Red Head, Inc.*, No. 110-cv-01833, 2011 WL 13152741, at *2 (E.D. Cal. Feb. 7, 2011) (transferring a collateral attack on a settlement pursuant to the settlement agreement's selected forum); *Zacklift Int'l, Inc. v. Koomia*, No. CV-08-3025-FVS, 2008 WL 4546967, at *1 (E.D. Wash. Oct. 6, 2008)

(same); *Wescott v. Crowe*, No. CV-20-01383-PHX-SPL, 2020 WL 5535760, at *2 (D. Ariz. Sept. 15, 2020) (same). For example, in *Zone Sports*, the Eastern District of California addressed a nearly identical situation and transferred to the court identified in the settlement agreement. *See Zone Sports*, 2011 WL 13152741, at *2.

Transfer is proper under Section 1404(a). Pursuant to Section 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising*, Inc., 211 F.3d 495, 499 (9th Cir. 2000). "For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id*.

Factors 1, 2, 4, 5, 7, and 8 weigh strongly in favor of transfer. First, the Settlement Agreement is expressly governed by Virginia law, which Virginia Courts are the most familiar with. Moreover, Defendant is headquartered in McLean, Virginia, located in the Eastern District of Virginia. This is where most of the relevant witnesses, documents, and computer systems related to the Data Breach are located. The overwhelming majority of Capital One's leadership and associates are located in the Eastern District of Virginia, including those devoted to the company's cybersecurity program. Extensive discovery related to the Data Breach has already occurred in the Eastern District of Virginia. The plaintiffs in the MDL deposed over thirty Capital One employees, and Capital One produced 358,000 documents, amounting to 2.85 million pages. *In Re: Capital One*, Dkt. 2219-4 ¶ 20. Even more, the Eastern District of Virginia has already resolved dozens of discovery, sealing, and bank-examiner-privilege disputes. *See, e.g.*, *In Re: Capital One*, Dkts. 760, 864, 983, 1110. Discovery on crucial issues of liability—including discovery on the circumstances

surrounding the Cyber Incident and Capital One's cybersecurity practices—is already complete, and the only discovery that would still need to occur would relate to issues of injury, causation, and damages with respect to the Plaintiff specifically.

In any event, the Section 1404(a) considerations are far stricter when considering a collateral attack on a class wide settlement agreement. The Ninth Circuit has unequivocally held that—unlike in the case of individual settlement agreements—"a provision for future enforcement of a [class wide] settlement order, implies that the retention was meant to be exclusive." *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998). If the Court declines to dismiss, it should transfer the case to the MDL Court—which retained exclusive jurisdiction to enforce the agreement.

For the reasons outlined above, it would be duplicative for the Court to relitigate the MDL, which involved more than 2,000 docket entries. If the Court declines to dismiss, it should transfer this proceeding to the MDL Court.

## CONCLUSION

For the foregoing reasons, Capital One and Amazon should be dismissed with prejudice. In the alternative, the case should be transferred to the Eastern District of Virginia.

Dated: January 19, 2024                    Respectfully submitted,

**KING & SPALDING LLP**

By: */s/ Matthew Blaschke*
      Matthew J. Blaschke

*Attorney for Capital One, N.A.*

**FENWICK & WEST LLP**

By: */s/ Tyler Newby*
Tyler G. Newby
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
tnewby@fenwick.com
rplotkin@fenwick.com

Janie Y. Miller
FENWICK & WEST LLP
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: (310) 434-5400
jmiller@fenwick.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

## ATTESTATION

I, Matthew J. Blaschke, hereby attest, pursuant to N.D. Cal. Civil L.R. 5–1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: January 19, 2024                          By: */s/ Matthew J. Blaschke*
                                                              Matthew J. Blaschke

CAPITAL ONE AND AMAZON'S MOTION TO DISMISS                              Case No. 3:23-CV-02804