MATTHEW J. BLASCHKE (State Bar No. 281938)
*mblaschke@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300

Attorney for Defendant,
CAPITAL ONE, N.A.

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| VENTON SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, N.A., et al.,<br><br>Defendants. | Case No. 3:23-CV-02804<br><br>Hon. Araceli Martínez-Olguín<br><br>**CAPITAL ONE AND AMAZON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: February 29, 2024<br>Time: 2:00 p.m.<br>Ctrm: 10 – 19th Floor |

## REPLY MEMORANDUM OF LAW

Capital One, N.A. ("Capital One"), successor-by-merger to Defendant Capital One Bank (USA), N.A., and Amazon.com, Inc. and Amazon Web Services (together, "Amazon"), by counsel, submit this reply memorandum of law in support of their motion to dismiss.

In his opposition to Capital One's and Amazon's motion to dismiss (Dkt. 57, "Opp."), Plaintiff does not dispute any of the following facts: (1) The MDL Court approved a class-action settlement (the "Settlement Agreement") and entered judgment (it did, *see* Ex. E to the Declaration of Stewart Haskins, MDL Dkt. 2263); (2) Plaintiff, as alleged in his Complaint, is a member of the settlement class who did not opt out (he is, *see* Ex. F to the Declaration of Stewart Haskins, MDL Dkt. 2263-1); (3) the Settlement Agreement releases claims against Capital One and Amazon arising out of the Data Breach (it does, *see* Ex. C to the Declaration of Stewart Haskins, MDL Dkt. 2219-1, §§ 2.34, 14); and (4) Plaintiff's claims in this action against Capital One and Amazon all arise out of the Data Breach (they do, *see* Compl. ¶¶ 111, 128, 138, 146, 155, 159, 172, 192, 227). Nor does Plaintiff dispute that these facts are subject to judicial notice. *See* Dkt. 18 at 8 n.1. That is the end of the matter; no further inquiry is necessary. Capital One's and Amazon's motion to dismiss should be granted. *See Silber v. Mabon*, 18 F.3d 1449, 1451 (9th Cir. 1994) (enforcing settlement agreement against a plaintiff who failed to opt out); *see also Montgomery v. Capital One Bank (U.S.A.), N.A.*, No. 1:22-cv-1462 (AJT/JFA), Dkt. 17 (dismissing a Data Breach claim against Capital One filed by an individual who did not opt out of the Settlement Agreement) (attached as Exhibit G to the Declaration of Stewart Haskins).

Instead of engaging with these dispositive facts, Plaintiff advances the frivolous and irrelevant argument that he, along with two million individuals were "excluded" from the Settlement Agreement. As "evidence," he merely compares the language in Capital One's original press release stating that "approximately 100 million individuals" were potentially impacted with the language of the Settlement Agreement—with the benefit of a full investigation of the breach—stating that "approximately 98 million" individuals were potentially impacted. In any event, the MDL Court did not tie its Settlement Class definition to a press release and defined it to include all "individuals whose information was compromised by the Data Breach." Ex. E to the

1  Declaration of Stewart Haskins, Final Approval Order, MDL Dkt. 2263 at 7. There is no question
2  that Plaintiff is a member of the Settlement Class and bound by the Settlement Agreement. The
3  MDL Court included the list of the 1,300 opt-outs in its Final Approval Order. Dkt. 18-2 at 148-
4  174. Plaintiff's name does not appear on this list. Dkt. 18-2 at 148-174. The proof in this case will
5  show that on May 5, 2022, notice of the Settlement Agreement was sent to Plaintiff via email at
6  ventonsmith@gmail.com—the same email address used by Plaintiff in various exhibits (Exs. A
7  through F) attached to his Complaint. *See* Dkt. 1 at 44-51.

8        Plaintiff argues that he did not receive actual notice of the Settlement Agreement and
9  therefore had no chance to opt out of it. There is reason to doubt Plaintiff's representation. But
10 even if true, it is irrelevant because "neither Rule 23 nor the Due Process Clause requires actual
11 notice to each individual class member." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128
12 (9th Cir. 2017). Rather, the notice provided need only be "reasonably certain to inform the absent
13 members of the plaintiff class." *Silber*, 18 F.3d at 1454 (citation omitted); *see also Mullane v.*
14 *Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (notice must be "reasonably calculated,
15 under all the circumstances, to apprise interested parties of the pendency of the action and afford
16 them an opportunity to present their objections"). The MDL Court found that the notice plan
17 satisfied Rule 23 and due process, *see* Ex. D to the Declaration of Stewart Haskins, MDL Dkt.
18 2220 ¶ 9, and Plaintiff has provided no basis for this Court to disturb those findings. That Plaintiff
19 (as he represents) did not receive actual notice and thus (as he represents) was "fortuitously unable
20 to exercise his right to opt out in a timely fashion … does not mean that the best practicable notice
21 under the circumstances was not given to absent class members." *See Silber*, 18 F.3d at 1454. And
22 while Plaintiff contends that the MDL Court settlement agreement does not bar his claims because
23 he discovered his purported injury in 2022, Opp. at 15, that is, in fact, exactly what the Settlement
24 Agreement does for anyone who, like Plaintiff, is bound by its terms, including the release of such
25 claims. *See* Ex. C to the Declaration of Stewart Haskins, MDL Dkt. 2219-1, §§ 2.34, 14 (defining
26 "Released Claim" to include "any and all claims … in law or in equity, for any relief whatsoever
27 … that in any way concern, arise out of, or relate to the Data Breach").
28

Plaintiff alternatively makes the unsupported argument that even if his other claims are barred, his FCRA claims survive. This is incorrect. Because the FCRA claims arise out of the Data Breach, they are also barred by the plain language of the release. Members of the Settlement Class released "any and all claims . . . for any relief whatsoever . . . whether a known or unknown claim . . . that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Actions, or any theories of recover that were, or could have been, raised at any point in the Actions." Mot. at 5. Plaintiff does not dispute that all of his claims against Capital One and Amazon relate to the Data Breach. Compl. ¶¶ 19-44, 103-195 (detailing claims based on the Data Breach). All Plaintiff's claims against Capital One and Amazon—including his FCRA claims—are thus barred by res judicata.

Finally, if this case is not dismissed in accordance with the Settlement Agreement, it should be transferred to the MDL Court, which retained jurisdiction over "all matters" relating to the MDL litigation, including "the administration, interpretation, scope, effectuation or enforcement of the Settlement Agreement." Ex. E to the Declaration of Stewart Haskins, Final Approval Order, MDL Dkt. 2263, § 12. Plaintiff does not dispute the meaning of this provision but argues that the *Aguirre v. Capital One*, No. 8:23-cv-00128 (C.D. Cal) matter demonstrates that transfer is inappropriate. *Aguirre* involved plaintiffs who opted-out of the Settlement Agreement and thus were not bound by its terms. While dismissal is the proper remedy, the Court should transfer the case to the Eastern District of Virginia if it determines that any questions over the settlement, or Plaintiff's membership in the settlement class, require resolution before dismissal. *See, e.g.*, *Zone Sports Ctr., Inc. LLC v. Red Head, Inc.*, No. 110-cv-01833, 2011 WL 13152741, at *2 (E.D. Cal. Feb. 7, 2011) (transferring a collateral attack on a settlement pursuant to the settlement agreement's selected forum); *Zacklift Int'l, Inc. v. Koomia,* No. CV-08-3025-FVS, 2008 WL 4546967, at *1 (E.D. Wash. Oct. 6, 2008) (same); *Wescott v. Crowe*, No. CV-20-01383-PHX-SPL, 2020 WL 5535760, at *2 (D. Ariz. Sept. 15, 2020) (same).

For the foregoing reasons, Capital One and Amazon should be dismissed with prejudice. In the alternative, the case should be transferred to the Eastern District of Virginia.

Dated: February 9, 2024								Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ *Matthew J. Blaschke*
Matthew J. Blaschke
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1212
Facsimile: (415) 318-1300
mblaschke@kslaw.com

*Attorney for Capital One, N.A.*

**FENWICK & WEST LLP**

By: /s/ *Tyler Newby*
Tyler G. Newby
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
tnewby@fenwick.com

Janie Y. Miller
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
jmiller@fenwick.com
Telephone: (310) 434-5400

*Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.*

## ATTESTATION

I, Matthew J. Blaschke, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: February 9, 2024					By: /s/ *Matthew J. Blaschke*
									Matthew J. Blaschke